USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/31/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLINT EDWARDS,

          Plaintiff,

-against-

JANSSEN PHARMACEUTICALS INC. a/aka/
ORTHO-MCNEIL JANSSEN
PHARMACEUTICALS INC., JOHNSON &
JOHNSON PHARMACEUTICAL RESEARCH &
DEVELOPMENT L.L.C.,

          Defendant.

17-cv-0918 (NSR)(PED)

ORDER AND OPINION

NELSON S. ROMÁN, United States District Judge:

Plaintiff Clint Edwards ("Plaintiff") commenced this action, in state court, Orange County Supreme Court, asserting claims sounding in, *inter alia*, negligence, lack of informed consent and product's liability as against Defendants. Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants removed the action to this Court based on diversity jurisdiction. On March 22, 2017, this Court issued an Order of Reference referring this matter to Magistrate Judge Lisa M. Smith ("MJ Smith") for general pretrial supervision. (ECF No. 22.) Thereafter, on April 10, 2018, the Court amended its Order of Reference to include dispositive motions. (ECF No. 40.) Now before the Court is MJ Smith's Report and Recommendation ("R & R") recommending that the Court dismiss Plaintiff's complaint for want of prosecution. (*See* Docket No. 41.) For the following reasons, the Court adopts MJ Smith's R & R in its entirety, and Plaintiff's complaint is DISMISSED.

## PROCEDURAL BACKGROUND

The relevant procedural background is set forth the R & R. In substance, in February 2018, Plaintiff's counsel asked to be removed from the case due to irreconcilable differences with his

1

client. (ECF No. 35.) By decision and order, dated February 6, 2018, the Court granted movant's application and stayed the proceedings for forty-five (45) days to allow Plaintiff to obtain new counsel. By letter dated February 6, 2018 and received by the Court February 9, 2018, Plaintiff informed the Court that he never intended or authorized his former attorney to file an action. (ECF No. 37.) By Order, dated February 12, 2018, the Court afforded Plaintiff the opportunity to retain new counsel, proceed pro se or discontinue the action. (ECF No. 38.) Following Plaintiff's failure to appear at a scheduled conference, Defendants moved to dismiss the complaint for failure to prosecute. (ECF No. 41.)

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (*quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial

review of the magistrate's decision.") (*quoting Small v. Sec. of HHS,* 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R & R, those parts must be reviewed *de novo*. 28 U.S.C. 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile,* 121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich,* No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge,* No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at *18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on the whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis,* No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

## DISCUSSION

Plaintiff did not timely object to the R & R. Thus, the Court reviews the R & R for clear error. In recommending dismissal of Plaintiff's complaint for failure to prosecute, MJ Smith weighed the five factors enumerated in Fed. R. Civ. P. 41(b). *Baptiste v. Sommers,* 768 F.3d 212, 216 (2d Cir. 2014). Although the court also weighed Plaintiff's *pro se* status, it nonetheless determined, *inter alia*, that Plaintiff intentionally abandoned the lawsuit. The Court also noted that Plaintiff's failure to affirmatively prosecute the action would prejudice the Defendants' ability to

adequately defend against the claims asserted. After careful review of the record, the Court finds no clear error. The Court adopts the R & R, and the complaint is dismissed for failure to prosecute.

## CONCLUSION

For the reasons stated above, the Court adopts MJ Smith's R & R in its entirety. Plaintiff's complaint is dismissed with prejudice. The Clerk of Court is directed to terminate the motion (ECF No. 41), to terminate the case, to mail a copy of this Opinion to Plaintiff, and to show proof of service on the docket.

Dated: May 31, 2018
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN

Mail to:
Clint Edwards
204 Melville Drive
New Windsor, NY 12553